UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

SHAHEN KARAPETYAN,

Petitioner,

v.

No. 6:26-CV-00052-H

WARDEN, EDEN DETENTION
CENTER,

Respondent.

## ORDER

Petitioner Shahen Karapetyan filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his civil detention pending removal. He seeks release from confinement.

Respondent filed a response along with relevant records showing that Petitioner's detention had not been prolonged and that his removal was imminent. Dkt. No. 7. Then Respondent filed a supplemental response and motion to dismiss notifying the Court that Petitioner was removed from the United States on March 9, 2026. Dkt. No. 9. Respondent argues that because Petitioner is no longer detained, there is no further relief that the Court may award, and the Petition must be dismissed for lack of jurisdiction as moot. *Id.*

Petitioner did not reply. But a week after Respondent's supplemental response and motion to dismiss, counsel appeared[1] and filed a motion on Petitioner's behalf, seeking his immediate return to the Court's jurisdiction. Dkt. No. 10. Counsel asserts that Respondent violated a court order by transferring Petitioner to a different detention facility[2] and asks the Court to compel his return to the

---

[1] The Court notes that Petitioner's counsel, Armen Shaghzo, is not currently admitted to practice in the Northern District of Texas and did not seek admission. Counsel is admonished that he must seek admission in accordance with the local rules of this Court if he intends to practice here.

[2] Counsel's motion mistakenly asserts that Petitioner was transferred to the Eden Detention Center on March 2, 2026. But Petitioner was in the Eden Detention Center when he filed his petition on

Eden Detention Facility. *Id.* Counsel does not acknowledge Petitioner's removal from the country or argue that his removal was unlawful. Moreover, Counsel's argument that Petitioner's transfer violated a court order is belied by the record. Counsel asserts that the Court "order[ed] that Respondent, their officers, agents, servants, employees, attorneys, and other persons who act in concert or participation with Respondent MUST NOT transfer Petitioner outside the Northern District of Texas pending the Court's resolution of the Petition." *Id.* at 2. But the Court issued no such order. And counsel provides no reason or legal authority for the Court to compel Petitioner's return at this point. Thus, the Court denies the motion for Petitioner's immediate return. Dkt. No. 10.

Additionally, based on the information provided by Respondents, the Court concludes that Petitioner's claims are moot. Thus, the petition must be dismissed for lack of jurisdiction.

So ordered.

The Court will enter judgment accordingly.

Dated March 26, 2026.

JAMES WESLEY HENDRIX
United States District Judge

---

February 13, 2026, and the documents attached to the motion appear to show that Petitioner was transferred from the EDC to the Prairieland Detention Center on March 4, 2026, then to the Central Louisiana Processing Center on March 6, 2026. Dkt. No. 10 at 4. Counsel requests that Petitioner be returned to the Eden Detention Center.